ROBERT A. DOTSON (NV Bar No. 5285)
*Admitted pro hac vice*
DANIEL T. HAYWARD (NV Bar No. 5986)
*Admitted pro hac vice*
DOTSON LAW
5355 Reno Corporate Dr., Ste 100
Reno, Nevada 89511
Tel: (775) 501-9400
Email:  rdotson@dotsonlaw.legal
            dhayward@dotsonlaw.legal

JAMES L. JACOBS (CA Bar No. 158277)
VALERIE M. WAGNER (CA Bar No. 173146)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
Tel: (650) 428-3900
Email: jjacobs@gcalaw.com
            vwagner@gcalaw.com

Attorneys for Plaintiff/Counterclaim-Defendant
RUN THE WORLD, INC.

## IN THE UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUN THE WORLD INC., | Case No.: 3:23-cv-03130-AMO |
| Plaintiff, | |
| vs. | |
| XUAN JIANG, | |
| Defendants. | |
| XUAN JIANG, individually and derivatively on behalf of the shareholders of RUN THE WORLD INC., | **DECLARATION OF DANIEL T. HAYWARD IN SUPPORT OF RUN THE WORLD, INC.'S MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO CAL. CODE CIV. PROC. § 425.16(C)** |
| Counterclaimant, | |
| vs. | |
| XIAOYIN QU; CONNIE CHAN; AH CAPITAL MANAGEMENT, LLC dba ANDREESSEN HOROWITZ aka A16Z; RUN THE WORLD INC.; 5TOUCH SOLUTIONS, INC. dba EVENTMOBI (as successor-in-interest to RUN THE WORLD INC.), | Date:   May 16, 2024<br>Time:  2:00 p.m.<br>Judge: Hon. Araceli Martínez-Olguín<br>Courtroom: No. 10 (19th Floor) |
| Counterclaim-defendants | |

DOTSON LAW
5355 RENO CORPORATE DR.
SUITE #100
RENO, NEVADA 89511

CASE NO.: 3:23-cv-03130-AMO                1                DEC OF HAYWARD ISO MTN FOR AWARD
OF ATTORNEY FEES

I, Daniel T. Hayward, declare:

1.     I am an attorney in the law firm of Dotson Law, counsel of record for Run The World, Inc. in this action. I am licensed to practice law in Nevada and my Application for Admission of Attorney Pro Hac Vice in this matter was granted on February 16, 2024. ECF 67. I have personal knowledge of the matters stated herein, unless otherwise stated, and if called upon would testify competently thereto.

2.     I submit this declaration in support of RTW's Motion for Award of Attorney Fees Pursuant to Cal. Code Civ. Proc. § 425.16(c). RTW seeks an award of attorney's fees from Defendant and Counterclaimant Xuan Jiang.

3.     I am a graduate of the University of Iowa College of Law (J.D., 1994). I began my career at Morrison & Hecker LLP in Kansas City, Missouri (1994-1996) where my practice included commercial and general litigation. I then joined Laxalt & Nomura, Ltd. in Reno, Nevada (1996-2019) where I practiced general defense litigation and business litigation. I was a shareholder with Laxalt & Nomura, Ltd. for 17 years. I practiced personal injury, product liability, and insurance law for four and one-half years with Bradley, Drendel & Jeanney in Reno, Nevada (2019-2024) before joining Dotson Law, also in Reno, Nevada, in January 2024 where my practice includes business litigation, personal injury, real estate litigation, and insurance disputes. I have been a member of the American Board of Trial Advocates since 2012. My standard rate is $400 per hour. I track my time in .10 hour increments.

4.     My colleague Robert A. Dotson is a graduate of the University of Iowa College of Law (J.D., 1994). He began his career at Laxalt & Nomura, Ltd. in Reno, Nevada (1994-2016) where he practiced general defense litigation and business litigation. Mr. Dotson was a shareholder with Laxalt & Nomura, Ltd. for 14 years. Mr. Dotson founded Dotson Law in Reno, Nevada in 2016 where his practice includes business and commercial litigation, construction litigation, and insurance disputes. He has been a member of the American Board of Trial Advocates since 2016. His standard rate is $450 per hour. Mr. Dotson also tracks his time in .10 hour increments.

DOTSON LAW
5355 RENO CORPORATE DR.
SUITE #100
RENO, NEVADA 89511

CASE NO.: 3:23-cv-03130-AMO                    2                    DEC OF HAYWARD ISO MTN FOR AWARD
OF ATTORNEY FEES

5. Prior counsel for RTW, Mark R. Conrad, submitted the Declaration of Mark R. Conrad in Support of Run The World, Inc. and Xiaoyin Qu's Special Motion to Strike SLAPP Claims (ECF 55) on January 9, 2024. In that Declaration, Mr. Conrad declared that he and his colleagues William Cooper and Nathan Theobald spent in excess of 2.4, 11.8, and 26.9 hours, respectively, investigating, researching, drafting, and filing the underlying Special Motion to Strike SLAPP Claims (ECF 54) and related portions of the concurrently filed motion to dismiss (ECF 52). ECF 55 ¶ 5. Mr. Conrad declared that "RTW and Qu have incurred more than $27,000 in attorneys' fees thus far in bringing this anti-SLAPP motion and related portions of the concurrently filed motion to dismiss." *Id.* I do not have personal knowledge of the foregoing, and I am referencing Mr. Conrad's prior declaration for the Court's information in support of this motion.

6. I have spent not less than 17.0 hours investigating, researching, and drafting this motion for attorney fees. The total attorney fees incurred in connection with this motion is not less than $6,800.00. This does not include fees generated by RTW's designated local counsel in reviewing and contributing to the motion.

7. Prior to the Court's February 15, 2024 minute order declaring the Special Motion to Strike SLAPP Claims terminated as moot, I spent not less than 9.9 hours investigating, researching, and drafting a reply in support of the Special Motion to Strike SLAPP Claims. My colleague Mr. Dotson has spent .90 hours reviewing the opposition to the Special Motion to Strike SLAPP Claims in preparation for this office's preparation of the reply in support of Special Motion to Strike SLAPP Claims, and discussing the preparation of the reply with me. The total attorney fees incurred in connection with that reply – which was ultimately not filed in light of the Court's February 15, 2024 minute order (ECF 66) -- is not less than $4,365.00. This does not include fees generated by RTW's designated local counsel in reviewing and contributing to the reply.

8. During a telephone call with Jiang's attorney, Thomas P. Krzeminski, on Friday, February 23, 2024, I advised that RTW intended to move forward with the filing of its motions, which in the context of the conversation referred to RTW's Motion to

DOTSON LAW
5355 RENO CORPORATE DR.
SUITE #100
RENO, NEVADA 89511

CASE NO.: 3:23-cv-03130-AMO                 3                 DEC OF HAYWARD ISO MTN FOR AWARD
OF ATTORNEY FEES

Dismiss First Amended Counterclaims, and Motion to Strike SLAPP Claims in the First Amended Counterclaims which were then due to be filed on or before the following Tuesday, February 27, 2024.

9. Counsel for Jiang advised, during the February 23, 2024 telephone call, that Jiang intended to propose that the parties stipulate that Jiang could file Second Amended Counterclaims which omitted the abuse of process counterclaim and related allegations, or that Jiang would file a motion seeking leave to do so. The parties ultimately agreed to and filed a stipulation. ECF 77.

10. Prior to the Friday, February 23, 2024 telephone call with Jiang's counsel at which time it became clear that the abuse of process counterclaim and related allegations would ultimately be dropped -- either pursuant to a stipulation and order to further amend Jiang's counterclaims, or a motion and order to further amend the counterclaims -- I spent not less than 9.5 hours investigating, researching, and drafting a Special Motion to Strike SLAPP Claims contained in the First Amended Counterclaims. The motion was not filed because in the meanwhile, the parties stipulated that Jiang may have leave of court to further amend her counterclaims, and the Court entered its order granting the stipulation. ECF 77, 79. The total attorney fees incurred in connection with that motion prior to my discussion with Jiang's counsel on Friday, February 23, 2024 was not less than $3,800.00. This does not include fees generated by RTW's designated local counsel.

11. I expect that my colleagues and I will spend additional time researching, drafting, and filing a reply brief in support of the Motion for Award of Attorney Fees, as well as preparing for oral argument. I will file along with the reply brief a supplemental declaration detailing the additional time spent.

/ /

/ /

/ /

/ /

DOTSON LAW
5355 RENO CORPORATE DR.
SUITE #100
RENO, NEVADA 89511

CASE NO.: 3:23-cv-03130-AMO                4                DEC OF HAYWARD ISO MTN FOR AWARD
OF ATTORNEY FEES

12.     To summarize, RTW seeks an award of attorney fees in the amount of **$41,965.00**, comprised of:

a.      $27,000 (jointly with Counterclaim-Defendant Xiayin Qu) incurred by RTW and Qu's prior counsel in bringing the anti-SLAPP motion (ECF 54) and related portions of the motion to dismiss filed concurrently with that motion (ECF 52);

b.      $6,800.00 in connection with preparation of this Motion for Award of Attorney Fees;

c.      $4,365.00 in connection with preparation of RTW's reply in support of the anti-SLAPP motion, which was ultimately not filed in light of ECF 66;

d.      $3,800.00 in connection with the preparation of a Special Motion to Strike SLAPP Claims contained in the First Amended Complaint, which was ultimately not filed in light of Xuan Jiang's decision to abandon the SLAPP Claims.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 12, 2024, in Reno, Nevada.

DANIEL T. HAYWARD