LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (Bar No. 266966)
eburbidge@lewisllewellyn.com
Kenneth M. Walczak (Bar No. 247389)
kwalczak@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590
Facsimile: (415) 390-2127

Attorneys for Counterclaim-Defendant
XIAOYIN QU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUN THE WORLD, INC.,<br><br>Plaintiff,<br><br>v.<br><br>XUAN JIANG,<br><br>Defendant. | Case No. 3:23-CV-03130-AMO<br><br>**COUNTERCLAIM DEFENDANT XIAOYIN QU'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO CAL. CODE CIV. PROC. § 425.16(C)** |
| XUAN JIANG, individually and derivatively on behalf of the shareholders of RUN THE WORLD INC.,<br><br>Counterclaimant,<br><br>v.<br><br>XIAOYIN QU; CONNIE CHAN; AH CAPITAL MANAGEMENT, LLC dba ANDREESSEN HOROWITZ aka A16Z; RUN THE WORLD INC.; 5TOUCH SOLUTIONS, INC. dba EVENTMOBI (as successor-in-interest to RUN THE WORLD INC.),<br><br>Counterclaim Defendants. | Date:        August 1, 2024<br>Time:        2:00pm<br>Judge:       Hon. Araceli Martínez-Olguín<br>Courtroom:   10 (19th Floor)<br><br>Complaint filed:    June 23, 2023<br>Trial Date:         Not Set |

LEWIS +
LLEWELLYN
LLP

**INTRODUCTION**

Mindful of the principle that the "courts are sufficiently burdened without combat kept alive solely for attorney fees[,]" *Doe v. McLaughlin*, 83 Cal.App.5th 640, 643 (2022) (citations omitted), Counterclaim Defendant Xiaoyin Qu joins, and incorporates by reference, the reply brief filed by fellow Counterclaim Defendant Run the World, Inc. ("RTW") on April 2, 2024.

Qu adds only the following:

**<u>Qu Is a Prevailing Party</u>**

Under both federal and state attorney's fees law, a party may "prevail" by inducing the other side to withdraw its claims without judicial resolution. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Maher v. Gagne*, 448 U.S. 122, 129 (1980) (parties are "considered to have prevailed when they vindicate rights") (citation to the legislative record omitted); *Quesada v. Thomason*, 850 F.2d 537 (9th Cir. 1988) (plaintiff was prevailing party in case that settled for $17,500). A "prevailing party … should not be penalized for seeking an out of court settlement, thus helping to lessen docket congestion." *Folsom v. Butte County Ass'n of Gov'ts,* 32 Cal.3d 668, 685-686 (1982) (cleaned up).

That principle promotes informal settlements and is thus sound public policy.

**<u>The Fees Sought by Qu's Counsel Are Reasonable</u>**

As the party challenging a fee petition, Jiang "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Cotton v. City of Eureka, Cal.*, 889 F.Supp.2d 1154, 1166 (N.D. Cal. 2012), *quoting Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). *See also id*. at 1167-1169 (enumerating types of evidence a challenging party might submit to carry its burden); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110–11 (9th Cir. 2014) (citation omitted).

Jiang submits no evidence whatsoever; only bare allegations that the prevailing parties' fees are somehow unreasonable. Jiang does not identify any individual time entry for Qu's counsel that allegedly pertains to any matter other than the successful anti-SLAPP filings, or provide any basis for the Court to dispute or deny the declaration of counsel showing the reasonableness of the rates charged by each attorney, within the relevant market.

1

LEWIS +
LLEWELLYN
LLP

**The Parties Did Meet and Confer Prior to Filing**

As set forth in the accompanying Declaration of Evangeline A.Z. Burbidge, counsel for the prevailing parties did meet and confer with Jiang's counsel prior to seeking a fee award from the Court.  Burbidge Decl. ¶¶ 3-7 & Exhs. A, B.  Specifically, counsel for RTW and Qu insisted that the parties' stipulation concerning amendment of Jiang's counterclaims include a reservation of rights, so that RTW and Qu could file the instant motion.  *Ibid.*

Respectfully Submitted,

Dated:  April 2, 2024          LEWIS & LLEWELLYN LLP

*s/ Kenneth M. Walczak*
_____

By:   Evangeline A.Z. Burbidge
        Kenneth M. Walczak

Attorneys for Counterclaim Defendant
XIAOYIN QU

LEWIS +
LLEWELLYN
LLP