# EXHIBIT 1

# EXHIBIT 1

ROBERT A. DOTSON (NV Bar No. 5285)
*Admitted pro hac vice*
DANIEL T. HAYWARD (NV Bar No. 5986)
*Admitted pro hac vice*
DOTSON LAW
5355 Reno Corporate Dr., Ste 100
Reno, Nevada 89511
Tel: (775) 501-9400
Email:  rdotson@dotsonlaw.legal
        dhayward@dotsonlaw.legal

JAMES L. JACOBS (CA Bar No. 158277)
VALERIE M. WAGNER (CA Bar No. 173146)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
Tel: (650) 428-3900
Email: jjacobs@gcalaw.com
        vwagner@gcalaw.com

Attorneys for Plaintiff/Counterclaim-Defendant
RUN THE WORLD, INC.

**Field Code Changed**

**Field Code Changed**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASE NO.: 3:23-cv-03130-AMO                          RTW'S NOTICE AND RENEWED MOTION FOR
ATTORNEY FEES

RUN THE WORLD, INC.,

    Plaintiff,

    v.

XUAN JIANG

    Defendant.

XUAN JIANG, individually and derivatively on behalf of the shareholders of RUN THE WORLD INC.,

    Counterclaimant,

    v.

XIAOYIN QU; CONNIE CHAN; AH CAPITAL MANAGEMENT, LLC dba ANDREESSEN HOROWITZ aka A16Z; RUN THE WORLD INC.; 5TOUCH SOLUTIONS, INC. dba EVENTMOBI (as successor-in-interest to RUN THE WORLD INC.),

    Counterclaim-Defendants.

CASE NO. 3:23-CV-03130-AMO

**RUN THE WORLD, INC.'S NOTICE OF MOTION AND RENEWED -MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO CAL. CODE CIV. PROC. § 425.16(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date:      January 16, 2025May 16, 2024
Time:      2:00 p.m.
Judge:     Hon. Araceli Martínez-Olguín
Courtroom: No. 10 (19th Floor)

CASE NO.: 3:23-cv-03130-AMO
ATTORNEY FEES

————————RTW'S NOTICE AND RENEWED MOTION FOR

**TABLE OF CONTENTS**

NOTICE OF MOTION AND RENEWED MOTION FOR AWARD OF ATTORNEY FEES ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....... 2MEMORANDUM OF POINTS AND AUTHORITIES ................................................................................................... 3

I.    INTRODUCTION ................................................................................................................23

II.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT.............................45

III.   BACKGROUND .............................................................................................4III. BACKGROUND ..................................................................................................... 6

A.    Qu and Jiang Work Together at Run The World, and Jiang Resigns ............... 4A. .......................Qu and Jiang Work Together at Run The World, and Jiang Resigns ................................................................................................. 6

B.    RTW Sues Jiang for Sabotaging the Company Following Her Resignation ..... 5B. ...........RTW Sues Jiang for Sabotaging the Company Following Her Resignation ................................................................................................. 6

C.    Jiang Pleads Counterclaims Based in Part on RTW's Filing of Litigation........ 5C. ..............Jiang Pleads Counterclaims Based in Part on RTW's Filing of Litigation ................................................................................................. 7

IV.   LEGAL STANDARD .....................................................................................7V. LEGAL STANDARD ................................................................................................. 8

V.    ARGUMENT ..................................................................................................8V. ARGUMENT .............................................................................................................. 9

A.    RTW and the Other Counterclaim-Defendants Prevailed on the SLAPP Claims Within the Meaning of Cal. Code Civ. Proc. § 425.16(c) Because They Realized Their Litigation Objective When They Were Abandoned Through Further Amendment ................................................89

B.    Alternatively, the Court Should Permit Renewal of the Special Motion to Strike SLAPP Claims, Direct a Reply be Filed, and Schedule Argument to Analyze the Merits of the Motion.............................................................1213

C.    RTW is Entitled to Recover the Attorney's Fees Requested in Connection with its Special Motion to Strike, the Additional Fees Incurred in Preparing Certain Related Materials Prior to Jiang's Offer to Amend to Abandon the SLAPP Claims, the Original Motion for Award of Attorney Fees and Reply, and this Renewed Motion.RTW is Entitled to Recover the Attorney's Fees Requested in Connection with its Special Motion to Strike, as well as the Additional Fees Incurred

**Formatted:** Indent: Left: 1", Hanging: 0.5"

i

in Preparing Certain Related Materials Prior to Jiang's Offer to Amend to Abandon the SLAPP Claims .................................................................. ~~13~~14

VI.    CONCLUSION ...................................................................................14VI.   CONCLUSION .........................................................................................14

CASE NO.: 3:23-cv-03130-AMO      RTW'S NOTICE AND RENEWED MOTION FOR AWARD OF ATTORNEY FEES

**TABLE OF AUTHORITIES**

**Cases**

*Alfasigma USA, Inc. v. First Databank, Inc.*,
  398 F. Supp. 3d 578 (N.D. Cal. 2019) .......................................................................~~7~~8

*Baral v. Schnitt*,
  1 Cal. 5th 376 (2016) ..................................................................................................~~7~~8

*Coltrain v. Shewalter*,
  66 Cal. App. 4th 94 (1998)………………………………………………..…...…~~9,~~ 10, 11,
    12, 13

*Fleming v. Coverstone*,
  No. 08-cv-355-WQH-NKS, 2009 U.S. Dist. LEXIS 22083, 2009 WL 764940
  (S.D. Cal. March 18, 2009)………………………………………………………….…10,
~~12~~13

*Garrett v. Hine*,
  No. 1:21-cv-00845-DAD-BAK, 2022 U.S. Dist. LEXIS 102321, 2022 WL 2067903
  (E.D. Cal. June 8, 2022)……………………………………………………….~~9,~~ 10, 11,
12, 13

*Graham-Sult v. Clainos*,
  756 F.3d 724 (9th Cir. 2014) .....................................................................................~~8~~9

*Hilton v. Hallmark Cards*,
  599 F.3d 894 (9th Cir. 2010) ........................................................................................8

*Ketchum v. Moses*,
  24 Cal. 4th 1122 (2001) ..............................................................................................~~8~~9

*Law Offices of Bruce Altschund v. Wilson,*
  632 Fed. Appx. 321 (9th Cir. 2015) (unpublished)……………………………….~~…..~~..~~9,~~
10, 11

*Lin v. City of Pleasanton*,
  176 Cal. App. 4th 408 (2009), *as modified on denial of rehearing* (Aug. 11, 2009) .............................~~8~~9

*Masimo Corp. v. Mindray DS USA, Inc.*,
  No. CACV 12-02206-CJC(JPRx), 2014 U.S. Dist. LEXIS 194571 (C.D. Cal.
2014)……………...…~~10~~11

*Mireskandari v. Mail,*
  No. 12-cv-02943-MMM-FFM, 2014 U.S. Dist. LEXIS 199028, 2014 WL 12561581
  (C.D. Cal. Aug. 4,
2014)……………………………………………………………….~~12~~13

*Moore v. Liu*,
  69 Cal. App. 4th 745 (1999)………………………………………………….…....…
12, ~~13~~

*Pfeiffer Venice Properties v. Bernard*,
 101 Cal. App. 4th 211 (2002)
………………………………………………………..1213

*Ryan v. Editions Ltd. W., Inc.*,
 No. 06-cv-4812-PVT, 2007 U.S. Dist. LEXIS 72985, 2007 WL 2778408
 (N.D. Cal. Sept. 21,
2007)……………………………………………………..1213

*Verizon Delaware, Inc. v. Covad Communications Co.*,
 377 F.3d 1081 (9th Cir. 2004)…………………….…………………...…..…..…….3,
 .4, 8, 9

**Statutes**

Cal. Code Civ. Proc.

 § 425.16 ............................................................................................ 1, 67, 78, 13

 § 425.16(a) ............................................................................................. 8

 § 425.16(b)(1) ....................................................................................... 89

 § 425.16(c) ................................................................ 1, 45, 56, 9, 10, 11

 § 425.16(c)(1)……………………………………………………..…8


**Rules**

Fed. R. App. Proc. 32.1………………………………………………………..10

Fed. R. Civ. Proc.

 15(a)(1)(B)………………………………………………..………………..3, 7

 41(a)(1)(A)(i)………………………………………...……………………...…...…….…..
 .…...910

Fed. R. Evid.
408………………………………………………………………78

Ninth Circuit Rule 36-3(a)-
(b)………………………………………………….…….…...….…109


Civil Local Rule

 7-9………………………………………………………………………………1

 54-5………………………………………………………………………....1

Standing Order for Civil Cases Before District Judge Araceli Martinez-Oguin

 (Revised 11/22/2023), § H.1……….……………………………………………3

iv

**Formatted:** Indent: Left: 0", Hanging: 0.19"

**Formatted:** Line spacing: single

**NOTICE OF MOTION AND RENEWED MOTION FOR AWARD OF ATTORNEY FEES**

PLEASE TAKE NOTICE THAT, on ~~June 6, 2024~~January 16, 2025~~,~~ at 2:00 p.m., before the Honorable Araceli Martínez-Olguín, Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff and Counterclaim-Defendant Run The World, Inc. ("RTW") will and hereby does move this Court for an order awarding attorney fees against Defendant / Counterclaimant Xuan Jiang ("Jiang"), pursuant to Cal. Code Civ. Proc. § 425.16(c), as the prevailing party with respect to Jiang's Twentieth Counterclaim (abuse of process) and related allegations, which were set forth in her original Counterclaims (ECF 16) and First Amended Counterclaims (ECF 58) and were ultimately abandoned by Jiang through the filing of her Second Amended Counterclaims. ECF 78. This motion is based on the Special Motion to Strike SLAPP Claims filed by Counterclaim-Defendants RTW and Xiaoyin Qu ("Qu") pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16 *et seq.* (ECF 54), Jiang's original Counterclaims (ECF 16), Jiang's First Amended Counterclaims (ECF 58), and Jiang's Second Amended Counterclaims (ECF 78) through which she abandoned her Twentieth Counterclaim and related allegations which RTW and Qu had challenged through their Special Motion to Strike SLAPP Claims. This motion is also based on the Declaration of Daniel T. Hayward in Support of Run The World, Inc.'s Renewed Motion for Award of Attorney Fees Pursuant to Cal. Code Civ. Proc. § 425.16(c) filed concurrently with this motion, and the Declaration of Mark R. Conrad in Support of Run the World, Inc. and Xiaoyin Qu's Special Motion to Strike SLAPP Claims. ECF 55.

In the alternative, if the Court finds that an adjudication of the merits of RTW and Qu's Special Motion to Strike SLAPP Claims (ECF 54) is necessary before ruling on the issue of whether RTW is entitled to attorney fees pursuant to Cal. Code Civ. Proc. § 425.16(c), RTW moves the Court to permit it to hereby renew the motion, to permit the moving parties to file a reply in support of the motion, and to schedule a hearing on the motion.[1]

---

[1] ~~RTW notes that Civil L.R. 54-5 does not apply to this motion, as this is not a post-judgment motion for attorney fees. However, out of an abundance of caution, RTW is filing the motion within 14 days of the Court's order which deemed Jiang's Second Amended Counterclaims filed. ECF 79.~~

~~Further,~~ RTW's alternative request that the Court declare the Special Motion to Strike SLAPP Claims (ECF 54) renewed, set a date certain by which RTW may file a reply in support, and adjudicate it on the merits, is not a motion for reconsideration pursuant to Civil L.R. 7-9, because the Court has not (continued on next page)

1

Through this motion, RTW seeks an award of attorney fees in the amount of not less than $50,045.0041,965, comprised of:

a.    $27,000.00 (jointly with Counterclaim-Defendant Xiaoyin Qu) incurred by RTW and Qu's prior counsel in bringing the anti-SLAPP motion (ECF 54) and related portions of the motion to dismiss filed concurrently with that motion (ECF 52);

bc.    $4,365.00 in connection with preparation of RTW's reply in support of the anti-SLAPP motion, which was ultimately not filed in light of this Court's order terminating the underlying motion as moot (ECF 66);

cd.    $3,800.00 in connection with the preparation of a Special Motion to Strike SLAPP Claims contained in the First Amended Complaint (ECF 58), which was ultimately not filed in light of Jiang's decision to abandon the SLAPP Claims; and

db.    $6,800.00 in connection with preparation of the original is Motion for Award of Attorney Fees (ECF 83);.

e.    $5,000.00 in connection with preparation of the Reply in Support of Motion for Award of Attorney Fees (ECF 84);

f.    $1,840.00 in connection with attendance at and participation in the August 1, 2024 hearing regarding the original Motion for Award of Attorney Fees (ECF 83); and

g.    $1,240.00 in connection with the preparation of this Renewed Motion for Award of Attorney Fees, Declaration of Daniel T. Hayward in Support of Run the World, Inc.'s renewed Motion for Award of Attorney Fees, and the proposed Order granting the same.

e.    $4,365 in connection with preparation of RTW's reply in support of the anti-SLAPP motion, which was ultimately not filed in light of this Court's order terminating the underlying motion as moot (ECF 66);

previously granted or denied the motion, and has ordered that RTW may "renew" the motion if appropriate. ECF 66.

CASE NO.: 3:23-cv-03130-AMO                    RTW'S NOTICE AND RENEWED MOTION FOR
                                               AWARD OF ATTORNEY'S FEES

~~d.      $3,800 in connection with the preparation of a Special Motion to Strike SLAPP Claims contained in the First Amended Complaint (ECF 58), which was ultimately not filed in light of Jiang's decision to abandon the SLAPP Claims; and~~

he.      the reasonable attorneys' fees yet to be incurred in preparing any reply papers in support of this motion, and the reasonable attorney fees and costs incurred preparing for and participating in the oral argument of this motion.

This Renewed Motion is being submitted pursuant to the Court's statements during the August 1, 2024 oral argument concerning the original Motion for Award of Attorney Fees Pursuant to Cal. Code Civ. Proc. § 425.16(c), ECF 83, during which the Court invited RTW and Counterclaim-Defendant Xiaoyin Qu to re-submit the original Motion (ECF 83), and Ms. Qu's joinder therein (ECF 86), after complying with the meet-and-confer requirement of LR 54-5(a).

Although this is not an "amended pleading," RTW has attached as Exhibit 1, for the convenience of the Court and the parties, redlines showing all changes that have been made to the original Motion for Award of Attorney Fees Pursuant to Cal. Code Civ. Proc. § 425.16(c) (ECF 83). *See generally* Standing Order for Civil Cases Before District Judge Araceli Martinez-Olguin (Revised 11/22/2023), § H.1.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

RTW sued former employee and director Xuan Jiang to seek redress for her sabotage of the company's business and her retention and destruction of its property. Jiang responded by asserting counterclaims, including one for abuse of process, based on the fact that RTW "filed the instant action and complaint." ECF 16 ¶ 222. Jiang also named RTW in an accounting counterclaim in which Jiang claimed that an accounting is warranted based in part on RTW's former CEO, Xiaoyin Qu allegedly "initiating and maintaining frivolous and meritless legal actions"—*i.e.*, this lawsuit. *Id.* at ¶ 115. Other related allegations were leveled at Qu, all based on the filing and maintenance of this litigation. *Id.* at ¶¶

3

76, 89, and 110. The Twentieth Counterclaim and related allegations at paragraphs 76, 89, 110, and 115 of the original Counterclaims are collectively referred to as the "SLAPP Claims."

RTW and Qu jointly filed a Special Motion to Strike SLAPP Claims (ECF 54) on January 9, 2024, through which they moved to strike the SLAPP Claims. Counterclaim-Defendants AH Capital Management, LLC and Connie Chan filed a joinder in RTW and Qu's motion that same day. ECF 51. Jiang filed an opposition on February 6, 2024 (ECF 60), and concurrently filed her First Amended Counterclaims. ECF 58.[2] By order dated February 15, 2024, the Court terminated as moot RTW and Qu's anti-SLAPP motion and as well as Counterclaim-Defendants AH Capital Management, LLC and Connie Chan's joinder in RTW and Qu's motion. ECF 51. The Court also ordered, "The Counterclaim-Defendants may renew their respective motions if appropriate in response to the amended counterclaim." ECF 66.

Jiang's First Amended Counterclaims did not drop the SLAPP Claims. *Compare* ECF 16, ¶¶ 76, 89, 110, 115, 221-224 *with* ECF 58, ¶¶ 76, 90, 112, 118, 237-242; *see also* ECF 58-3 (redline comparison of original and First Amended Counterclaims) Accordingly, RTW and Qu began drafting special motions to strike the SLAPP Claims as pleaded in the First Amended Counterclaim. Jiang was aware that RTW intended to continue to pursue its anti-SLAPP remedies, because the undersigned told Jiang's attorney that RTW intended to do so during a telephone call on Friday, February 23, 2024. Ex. 1, Decl. of Daniel Hayward.

On Monday, February 26, 2024, Jiang filed a stipulation signed by the parties that the Court may authorize Jiang to further amend her counterclaims through the filing of her Second Amended Counterclaims. ECF 77. In the stipulation, the Counterclaim-Defendants, including RTW, expressly "reserve the right to seek statutory attorney's fees and costs for their work pursuing relief under the Anti-SLAPP law, prior to the amendment." *Id.* at p. 3. Jiang reserved the right to oppose any such motion. *Id.*

The Court entered its order allowing Jiang to file her Second Amended Counterclaims the following day, February 27, 2024. ECF 79. Through that filing, Jiang finally abandoned the SLAPP Claims which the Counterclaim-Defendants had challenged in the Special Motion to Strike SLAPP

---

[2] Jiang had the procedural right to amend her counterclaims without leave of court pursuant to Fed. R. Civ. P. 15(a)(1)(B). *See also Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

4

Claims. *See* ECF 77-1 (redline comparison of First and Second Amended Counterclaims). Jiang admitted in the stipulation seeking leave to amend that she "seeks to further amend her Counterclaims ***to moot the issues raised in Counterclaim-Defendants' now terminated Specials Motions to Strike*** …." ECF 77, at p. 2 (emphasis supplied). She did so not by attempting to rephrase her SLAPP Claims so that they no longer fell within the scope of the anti-SLAPP statute, but by ***completely abandoning them***. *See* ECF 77-1.

While Jiang was within her rights to respond to the original anti-SLAPP motion by filing her First Amended Counterclaims (*see Verizon Delaware, Inc. v. Covad Communications Co.,* 377 F.3d 1081, 1091 (9th Cir. 2004)), the Counterclaim-Defendants' anti-SLAPP remedies remained available because "the offending claims remain[ed]" in the First Amended Counterclaims. *Id.* In the end, Jiang decided to abandon the SLAPP Claims, and she did so because of the arguments raised in the anti-SLAPP motion and joinder. ECF 51, 54. *See also* ECF 77, at p. 2. Jiang cannot evade a mandatory award of attorney fees pursuant to Cal. Code Civ. Proc. § 425.16(c) by unilaterally amending her counterclaims ***without*** removing the SLAPP Claims, then abandoning the SLAPP Claims through a subsequent amendment ***after*** the Court declared the Special Motion to Strike SLAPP Claims moot. ECF 66. The result is the same as if Jiang had immediately voluntarily dismissed the SLAPP Claims in response to the Special Motion to Strike SLAPP Claims. ECF 54. Under such circumstances, the moving parties are entitled to an award of attorneys' fees and costs as the prevailing parties as to the SLAPP Claims. *See* Cal. Code Civ. Proc. § 425.16(c). In the alternative, RTW and the other moving parties are entitled to renew, and have the Court rule on, the previously-filed Special Motion to Strike SLAPP Claims and determine whether an award of attorney fees is warranted.

**II.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

- ~~whether~~ Whether Jiang abandoned the SLAPP Claims through amendment based on the filing of the Specials Motion to Strike SLAPP Claims, such that RTW and Qu prevailed as to the SLAPP Claims for purposes of applying the California anti-SLAPP statute;

- ~~;~~

**Formatted:** Line spacing: Double, Bulleted + Level: 1 + Aligned at:  0.5" + Indent at:  0.75"

CASE NO.: 3:23-cv-03130-AMO                    RTW'S NOTICE AND RENEWED MOTION FOR
                                               AWARD OF ATTORNEY'S FEES

6

RTW'S NOTICE AND RENEWED MOTION FOR AWARD OF ATTORNEY'S FEES

-   if so, whether RTW is entitled to an award of attorney fees and costs based on the California

-   anti-SLAPP statute; and

-   if so, the amount of attorney fees and costs which RTW is entitled to recover.

In the alternative, if the Court concludes that it must first adjudicate the merits of the Special Motion to Strike SLAPP Claims as a predicate to the issue of whether to award RTW attorneys' fees, the issues are:

-   whether RTW should be allowed under the circumstances to hereby renew its Special Motion to Strike SLAPP Claims, file a reply within a time determined by the Court, and obtain a

CASE NO.: 3:23-cv-03130-AMO                 RTW'S NOTICE AND RENEWED MOTION FOR
                                            AWARD OF ATTORNEY'S FEES

- -ruling on the motion, so that the Court may determine whether an award of attorney fees is -appropriate under Cal. Code Civ. Proc. § 425.16(c).

**Formatted:** Indent: Left: 0.75", Line spacing: Double, No bullets or numbering

## III.    BACKGROUND

This background is drawn mostly from Jiang's own allegations in support of her Second~~First~~ Amended Counterclaims which may be presumed true for purposes of this motion, but which RTW largely denies.[3]

### A.    Qu and Jiang Work Together at Run The World, and Jiang Resigns.

Xuan Jiang alleges that in 2019, she helped Xiaoyin Qu co-found Run The World Inc., an online platform for hosting virtual events such as professional conferences. ECF 78, Second Amended Counterclaims (SACC) ¶¶ 2, 13. Qu was the company's CEO, Jiang was its Director of Engineering and Chief Technical Officer, and both were shareholders. SACC ¶ 14. RTW enjoyed success under Qu's leadership: According to Jiang, investors valued the company at $60 million by May 2020. SACC ¶¶ 18, 23.

It is undisputed that on April 3, 2023, Jiang sent an email to RTW's primary investor saying that Jiang had "made the decision to step down as the tech co-founder of Run The World" to "pursue a new opportunity," and that this email conveyed Jiang's view that, even without her "continued involvement," RTW "ha[d] a bright future ahead of it." Compl. ¶¶ 23–24 & Ex. D; Answer ¶ 23; *see* SACC ¶ 209. First RTW, and now Jiang, have filed claims with competing stories of why Jiang resigned and what happened next.

### B.    RTW Sues Jiang for Sabotaging the Company Following Her Resignation.

In RTW's June 23, 2023 Complaint it alleges that after Jiang resigned voluntarily and then tried to retract her resignation, she sabotaged RTW's websites and retained and destroyed company property she was obligated to return. RTW explains that its business depended on its customer-facing website, www.runtheworld.today, which in turn relied on a network of internal domains and developer tools, including the "rtw.team" and "rtw.today" domains. Compl. ¶¶ 12, 15–16, 33. Around the time of Jiang's

---

[3] RTW cites portions of RTW's Complaint (and Jiang's related admissions) only to flesh out the context in which Jiang targets RTW's protected litigation conduct. The Court need not resolve any fact disputes to resolve this motion, which is based on the legal deficiency of Jiang's own allegations.

8

resignation, RTW began experiencing website outages that rendered its services inaccessible to 700,000 users for more than a week. *Id.* ¶¶ 25–35. RTW alleges that these outages were caused by Jiang's (admitted) deletion or cancellation of the rtw.team and rtw.today domains, which were maintained by the third-party domain registrar GoDaddy. *Id.* ¶¶ 12, 28–32; Answer ¶ 32. RTW further alleges that Jiang wiped her company-issued laptop of RTW information despite being contractually obligated and expressly warned not to do so, and that Jiang has failed to return documents relating to RTW's trademarks, corporate registration, and bank accounts. Compl. ¶¶ 36–43; Answer ¶ 42.

**C.    Jiang Pleads Counterclaims Based in Part on RTW's Filing of Litigation.**

Jiang responded to RTW's suit with 20 counterclaims. ECF 16. Jiang impermissibly sought to impose liability on RTW and Qu for abuse of process (*id.*, ¶¶ 221-224), and to require RTW to incur the expense of conducting a court-ordered accounting based on the mere fact that RTW had filed litigation. *Id.*, ¶115. In Jiang's First, Second, and Fourth Counterclaims, Jiang alleged that Qu breached fiduciary duties and misappropriated corporate assets by "initiating and maintaining frivolous and meritless legal actions," *i.e.*, this lawsuit. *Id.*, ¶¶ 76, 89, and 110. In her Twentieth Counterclaim, Jiang contended RTW and Qu abused the judicial process by "fil[ing] the instant action and complaint for an improper purpose." *Id.* ¶ 222.

These claims squarely targeted litigation conduct protected by the First Amendment and California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16 *et seq. See generally,* ECF 54, 51. Accordingly, RTW and Qu moved to strike the Twentieth Counterclaim in its entirety, along with portions of related allegations. ECF 54. Counterclaim-Defendants AH Capital Management, LLC and Chan joined. ECF 51. Jiang attempted to avoid the imposition of an award of attorneys' fees and costs against her by exercising her procedural right to amend her pleading without leave of court pursuant to Fed. R. Civ. P. 15(a)(1)(B) on February 6, 2024. ECF 58. This resulted in the Court declaring the pending anti-SLAPP motion, and joinder, terminated as "moot." ECF 66. However, Jiang *did not drop her abuse of process counterclaims, or the related allegations, from the First Amended Counterclaims.* In fact, nothing of substance changed in the First Amended Counterclaims with regard to the SLAPP Claims. *See* ECF 58, ¶¶ 76, 90, 112, 118, 237-242; *see also* ECF 58-3 (redline comparison of original and First Amended

9

CASE NO.: 3:23-cv-03130-AMO                RTW'S NOTICE AND RENEWED MOTION FOR
                                           AWARD OF ATTORNEY'S FEES

Counterclaims). Specifically with regard to the Twentieth Counterclaim for abuse of process, Jiang inserted a number of case citations (as opposed to factual allegations), changed the phrase "filed the instant action" to "filed and used the instant action," and alluded to communications that -- if they occurred -- would plainly constitute inadmissible settlement communications under Fed. R. Evid. 408. *See* ECF 58, ¶¶ 238-240; ECF 58-3.

Twenty days after filing the First Amended Counterclaims, and with the due date for a new Special Motion to Strike SLAPP Claims just one day away, Jiang obtained and filed a stipulation seeking leave to file her Second Amended Counterclaims, which finally jettisoned the substantively-doomed SLAPP Claims from this case. ECF 77, 79.[4]

## IV.    LEGAL STANDARD

California's anti-SLAPP law, Cal. Code Civ. Proc. § 425.16, was "designed to shield a defendant's constitutionally protected *conduct* from the undue burden of frivolous litigation," *Baral v. Schnitt*, 1 Cal. 5th 376, 393 (2016) (emphasis in original), and "applies to state-law claims in federal court," *Alfasigma USA, Inc. v. First Databank, Inc.*, 398 F. Supp. 3d 578, 585 (N.D. Cal. 2019). Under the statute, any "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue" must be stricken unless the plaintiff "establishe[s] that there is a probability the plaintiff will prevail on the claim." Cal. Code Civ. Proc. § 425.16(b)(1). The law "is to be construed broadly" in favor of the constitutional rights it protects. *Hilton v. Hallmark Cards*, 599 F.3d 894, 902 (9th Cir. 2010) (quoting Cal. Code Civ. Proc. § 425.16(a)).

Parties sued in federal court can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail. *Verizon*, 377 F.3d at 1091. Any party "who

---

[4] The alternative to stipulating with Jiang that the Court should allow her to further amend her counterclaims to abandon the SLAPP claims would have been to proceed to file a new anti-SLAPP motion addressing the very SLAPP claims that Jiang had announced she finally wished to abandon. Instead, RTW simply seeks an award of attorneys' fees and costs based on the original anti-SLAPP motion which ultimately caused Jiang to finally abandon her SLAPP Claims altogether (that is, "to amend her Counterclaims to moot the issues raised in Counterclaim-Defendants' now-terminated Specials Motions to Strike …" [ECF 77]) just as surely as if she had voluntarily dismissed the SLAPP Claims immediately after the anti-SLAPP motion was filed.

10

brings a successful motion to strike" under the anti-SLAPP statute "is entitled to mandatory attorney fees" and costs. *Ketchum v. Moses,* 24 Cal. 4th 1122, 1131 (2001); Cal. Code Civ. Proc. § 425.16(c)(1). *See also Graham-Sult v. Clainos,* 756 F.3d 724, 751 (9th Cir. 2014) ("State law governs attorney's fees awards based on state fee-shifting laws, like California's anti-SLAPP statute."). Because "[t]he anti-SLAPP statute reflects the Legislature's 'strong preference for awarding attorney fees to successful defendants,'" courts interpret the statute "broadly to favor an award of attorney fees to a partially successful defendant." *Lin v. City of Pleasanton*, 176 Cal. App. 4th 408, 425–26 (2009), as modified on denial of reh'g (Aug. 11, 2009).

## V.    ARGUMENT

### A.    RTW and the Other Counterclaim-Defendants Prevailed on the SLAPP Claims Within the Meaning of Cal. Code Civ. Proc. § 425.16(c) Because They Realized Their Litigation Objective as to Those Claims When They Were Abandoned Through Further Amendment.

In *Verizon* the defendants filed an anti-SLAPP motion and the district court deferred consideration of the motion "pending receipt of [the plaintiff] Verizon's first amended complaint." 377 F.3d at 1091. It appears that the district court then denied the anti-SLAPP motion based on the amended complaint. *See* 377 F.3d at 1090 ("Covad appeals the district court's denial of its motion to strike Verizon's first amended complaint …."). The Ninth Circuit affirmed the district court's decision, explaining that granting an anti-SLAPP motion in a federal case "without granting the plaintiff leave to amend" would collide with Fed. R. Civ. P. 15(a) policy favoring liberal amendment. *Id.* "Moreover, the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint. If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." *Id.* at 1091 (emphasis supplied).

Jiang did not remedy the SLAPP Claims through her First Amended Counterclaims. *See* ECF 58 ¶¶ 76, 90, 112, 118, 237-242; *see also* ECF 58-3 (redline comparison of original and First Amended Counterclaims). She did, however, finally relent and announce she intended to pursue a Second Amended Counterclaim through which she would abandon the SLAPP Claims, which is the very relief RTW and the other Counterclaim-Defendants had sought through the anti-SLAPP motion and joinder. *See* ECF 51,

11

RTW'S NOTICE AND RENEWED MOTION FOR
AWARD OF ATTORNEY'S FEES

54, 77. Counterclaim-Defendants stipulated to the filing of the Second Amended Counterclaims, expressly reserving their right to seek an award of attorneys' fees and costs pursuant to the anti-SLAPP statute. ECF 77.

As the Ninth Circuit has explained, "A defendant that brings an anti-SLAPP motion to strike may 'prevail,' even if the court did not actually grant the motion. Where the plaintiff dismisses the alleged SLAPP before the court rules on a pending motion to strike, the mooting of the merits of the motion does not bar a defendant from recovering attorney fees." *Law Offices of Bruce Altschund v. Wilson*, 632 Fed. Appx. 321 (9th Cir. 2015) (unpublished) (affirming award of attorney fees and costs to defendant where plaintiff dismissed the action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) after the district court took defendant's anti-SLAPP motion under submission).[5]

In *Garrett v. Hine*, No. 1:21-cv-00845-DAD-BAK, 2022 U.S. Dist. LEXIS 102321, 2022 WL 2067903 (E.D. Cal. June 8, 2022), the defendants filed an anti-SLAPP motion, and the court granted the plaintiffs leave to "amend their complaint so as to remove the state-law claims that are the subject of defendants' anti-SLAPP motion." 2022 U.S. Dist. LEXIS 102321 at *18. The court also denied the defendants' motion to strike those claims because the amendment rendered the motion "moot." *Id.* The defendants moved for an award of attorney fees and costs, citing *Altschund. Id.* at *19. The court adopted the holding of *Coltrain v. Shewalter*, 66 Cal. App. 4th 94 (1998), in which the court held that "where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under … section 425.16(c)." *Coltrain*, 66 Cal. App. 4th at 107, quoted in *Garrett*, 2022 U.S. Dist. LEXIS 102321, at *19-20. The *Garrett* court found that the plaintiffs' amendment to remove their state-law claims "'is tantamount to a voluntary dismissal of those claims.'" *Id.* at *19, quoting *Fleming v. Coverstone*, No. 08-cv-355-WQH-NKS, 2009 U.S. Dist. LEXIS 22083, 2009 WL 764940, at *6 (S.D. Cal. March 18, 2009). Although the anti-SLAPP motion in *Garrett* had been declared moot, the court explained, "The California Court of Appeal has held that it is within a trial court's discretion to award

---

[5] Pursuant to Circuit Rule 36-3(a) and (b), unpublished orders are not precedent, but those issued on or after January 1, 2007 may be cited to the courts of the circuit in accordance with Fed. R. App. P. 32.1.

12

attorneys' fee if the court determines that the defendant achieved its objectives in the litigation." *Garrett*, 2022 U.S. Dist. LEXIS 102321, at *19, citing *Coltraine*, 66 Cal. App. 4th at 107.[6]

In *Coltrain*, the plaintiffs voluntarily dismissed their lawsuit against the defendants ten days after the defendants filed a special motion to strike under the anti-SLAPP statute. The defendants moved for an award of attorney under Cal. Code Civ. Proc. § 425.16(c). The trial court awarded fees, and the plaintiff appealed, arguing that the defendants were not the "prevailing" parties within the meaning of the statute. The Court of Appeal held, "where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court had discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c)." 66 Cal. App. 4th at 107. "In making that determination, the critical issue is which party realized its objectives in the litigation. Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant. The plaintiff, however, may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." *Id.*

Counterclaim-Defendants unquestionably "realized [their] objectives in the litigation" (*Coltrain*, 66 Cal. App. 4th at 107) insofar as the SLAPP Claims are concerned: Jiang abandoned the SLAPP Claims. They are gone. Further, there is no mystery here as to Jiang's motivation for abandoning the SLAPP Claims. She clearly stated it in the stipulation seeking leave to file her Second Amended Counterclaims: "…Counterclaimant Xuan Jiang seeks to further amend her Counterclaims to moot the issues raised in

---

[6] In a district court decision that pre-dated *Altschund* and *Garrett, Masimo Corp. v. Mindray DS USA, Inc.*, No. CACV 12-02206-CJC(JPRx), 2014 U.S. Dist. LEXIS 194571 (C.D. Cal. 2014), the court granted the defendant's anti-SLAPP motion, but granted the plaintiff leave to amend. The defendant then filed a motion for attorney fees pursuant to Cal. Civ. Proc. Code § 425.16(c). The court declined to find that the defendant was the prevailing party and award attorney fees. *Id.* at *7. However, in *Masimo Corp.*, the movant's anti-SLAPP motion, despite being granted, "provided little more than a 'technical victory'" because "it was likely possible for [the defendant] to revise its pleading, and in particular its tenth counterclaim, so as to state a claim not barred by the anti-SLAPP statute." *Id.* at *7. In light of the amendments to the SLAPP counterclaim, "the litigation is in substantially no different a position now that it was prior to Massimo's motion." *Id.* at *8. This case is markedly different: Jiang *completely abandoned* the SLAPP Claims in the wake of the anti-SLAPP motion, and expressly did so in order to "moot" the issues raised in the motion. ECF 77 at p. 2.

13

Counterclaim-Defendants' now-terminated Special Motions to Strike (Dkt. Nos. 51, 54); …." ECF 77, at p. 2.

This situation calls for the same result as in *Garrett* and *Coltrain*. RTW and the other Counterclaim-Defendants prevailed as to the SLAPP Claims because they realized their objective in the litigation as to the Twentieth Counterclaims and related allegations: their dismissal or abandonment. RTW and the other Counterclaim-Defendants did so based on the Special Motion to Strike SLAPP Claims and joinder, as confirmed by the language of the stipulation regarding the filing of the Second Amended Counterclaims. *See* ECF 77 at p. 2.

Jiang may counter that the Court's description of the anti-SLAPP motion as "terminated" somehow makes a difference. It does not. In *Garrett*, the defendants' motions to strike were "denied at this time as having been rendered moot" yet the court awarded the defendants attorneys' fees after allowing the plaintiffs to amend to remove the SLAPP claims – which is exactly what Jiang ultimately did in this case. 2022 U.S. Dist. LEXIS 102321 at *18-19. Likewise, in *Coltrain*, the defendants' anti-SLAPP motion "[was] never ruled on." 66 Cal. App. 4th at 100. The plaintiffs voluntarily dismissed their complaint after the motion was filed, and the court held that "a presumption arose that defendants were the prevailing parties," and "there was no evidence that the Coltrains' reasons for dismissing were such as to dispel this presumption." *Id.* at 100. The only difference here is that Jiang engaged in a meaningless interim step by filing her First Amended Counterclaims – thus causing the Court to declare the anti-SLAPP motion "moot" despite the fact that the SLAPP Claims had not been dropped – then sought and was granted leave to amend yet again so as to finally drop the SLAPP Claims. In the meanwhile, the Counterclaim-Defendants incurred yet ***more*** attorney fees and costs preparing ***another*** anti-SLAPP motion to address the then-pending First Amended Counterclaims which still included abuse of process counterclaim and related allegations. In the end, that motion was not filed, because the Counterclaim-Defendants realized their litigation objectives with respect to the SLAPP claims when the Second Amended Counterclaims were "deemed filed" on February 27, 2024. ECF 79 at p. 4; ECF 78.

//

//

14

CASE NO.: 3:23-cv-03130-AMO

RTW'S NOTICE AND RENEWED MOTION FOR AWARD OF ATTORNEY'S FEES

Formatted: Indent: First line: 0"

**B.    Alternatively, the Court Should Permit Renewal of the Special Motion to Strike SLAPP Claims, Direct a Reply Be Filed, and Schedule Argument to Analyze the Merits of the Motion.**

The court in *Garrett* observed that federal courts have generally followed *Coltrain*, "which provides a pragmatic approach to avoid the 'inappropriate … waste of scare judicial resources to determine who would have won a voluntarily dismissed action.'" *Garrett,* 2022 U.S. Dist. 102321 at *21, quoting *Mireskandari v. Mail,* No. 12-cv-02943-MMM-FFM, 2014 U.S. Dist. LEXIS 199028, 2014 WL 12561581 at *6 (C.D. Cal. Aug. 4, 2014), in turn quoting *Ryan v. Editions Ltd. W., Inc.*, No. 06-cv-4812-PVT, 2007 U.S. Dist. LEXIS 72985, 2007 WL 2778408, at *3 (N.D. Cal. Sept. 21, 2007). A second line of decisions, including *Moore v. Liu*, 69 Cal. App. 4th 745 (1999), has reasoned where a defendant is voluntarily dismissed after filing a special motion to strike SLAPP claims, the defendant "is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs[.]" *Id.* at 751. *See also Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211, 218 (2002) (following *Liu* and holding that the trial court was required to rule on the merits of an anti-SLAPP motion and to award attorney fees if appropriate).

Counterclaim-Defendants challenged the SLAPP Claims through a Special Motion to Strike, and were in the process of preparing a new motion when Jiang decided to finally abandon the SLAPP Claims through amendment. Jiang's amendments were "tantamount to a voluntary dismissal" of the SLAPP Claims. *See Garrett,* 2022 U.S. Dist. LEXIS 102321 at *19, quoting *Fleming*, 2009 WL 764940 at *6. If this Court is inclined to follow the reasoning of *Liu* rather than that of *Coltrain*, the Court should grant RTW's alternative request for the Court to declare its Special Motion to Strike SLAPP Claims renewed, permit RTW to file a reply by a date certain, and then consider the merits as a predicate to the requested award of attorney's fees and costs.[7]

---

[7] The court in *Liu* did not suggest that the moving party was required to go back to square one and re-file its anti-SLAPP motion. Rather, the court appeared to suggest that the trial court consider the merits of the motion which was on file at the time the plaintiffs voluntarily dismissed their complaint. "We hold that a defendant who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs under subdivision (c) of that section. Therefore, the order denying Moore's motion for fees and costs must be reversed and the case remanded for further proceedings on Moore's motion to strike." *Liu*, 69 Cal. App. 4th at 751.

15

**C.**     **RTW is Entitled to Recover the Attorney's Fees Requested in Connection with its Special Motion to Strike, ~~as well as~~ the Additional Fees Incurred in Preparing Certain Related Materials Prior to Jiang's Offer to Amend to Abandon the SLAPP Claims, the Original Motion for Award of Attorney Fees and Reply, and this Renewed Motion.~~.~~**

As stated in the original anti-SLAPP motion in response to the original counterclaims, RTW and Qu collectively incurred more than $27,000 in fees and costs preparing that motion and the inextricably intertwined parts of their motion to dismiss. ECF 54, 9:2-25; ECF 55, Decl. of M. Conrad, ¶ 5; Ex. 1, Decl. of D. Hayward, ¶ 6~~5~~. RTW also incurred an additional $4,365 preparing a reply in support of that motion, which was ultimately not filed due to the Court's February 15, 2024 Minute Order (ECF 66) declaring the motion moot. Ex. 1, Decl. of D. Hayward, ¶ 8~~Id. at ¶ 7~~. RTW recognized that the First Amended Counterclaim did not dispense with the SLAPP Claims, and began preparing another Special Motion to Strike directed at the First Amended Counterclaims. The company spent no less than $3,800 in preparation of that motion before Friday, February 23, 2024, the date on which Jiang declared that either the parties could stipulate that she may file a Second Amended Complaint abandoning her Twentieth Counterclaim for abuse of process, and several other related allegations, or she would file a motion seeking leave to amend. *Id.* at ¶¶ 9-11~~8-10~~. ~~Lastly,~~ RTW ~~has~~ incurred not less than $6,800 in preparation of the original Motion for Award of Attorney Fees (ECF 83), $5,000 in connection with the Reply in Support of Motion for Award of Attorney Fees (ECF 97), $1,840 preparing for and attending the August 1, 2024 hearing regarding the original Motion for Award of Attorney Fees (not including attorney travel time and expense from Reno, Nevada), and $1,240 in connection with preparation of this Renewed Motion for Award of Attorney Fees, the supporting Declaration, and the proposed Order.~~this motion.~~ *Id.* at ¶¶ 12-14.~~.6.~~

These fees were necessarily incurred in connection with the matters listed above. The hourly rates charged by Conrad, Metlitzky Kane are modestly greater than, but in line with, the market rate for attorneys in the San Francisco bay area. Ex. 1, Decl. of D. Hayward, ¶ 18 and attached 2023 Real Rate Report. The hourly rates charged by Dotson Law are well below the market rate for attorneys in the San Francisco bay area, and in line with those for attorneys of similar experience in the Reno, Nevada area. *Id.*

16

RTW'S NOTICE AND RENEWED MOTION FOR AWARD OF ATTORNEY'S FEES

**Formatted:** Font: Italic

RTW should not bear the additional cost brought about by Jiang's indecision, and her filing of a First Amended Counterclaims which – in the end – served only to force the expenditure of still more time and money before she capitulated and abandoned the SLAPP Claims through the filing of her Second Amended Counterclaims.

**VI.   CONCLUSION**

The Court should declare that RTW has prevailed on the SLAPP Claims, and award it the reasonable attorney's fees ~~and costs~~it has -incurred, as follows:

| | |
|---|---|
| Preparation of Special Motion to Strike SLAPP Claims, ECF 54 (jointly with Xiaoyin Qu) | $27,000.00 |
| Preparation of Reply in Support of Special Motion to Strike SLAPP Claims (not filed in light of the Court February 15, 2024 Minute Order, ECF 66) | $4,365.00 |
| Preparation of Special Motion to Strike SLAPP Claims contained in First Amended Counterclaims (not filed in light of stipulation regarding Second Amended Counterclaims) (ECF 77, 79) | $3,800.00 |
| Preparation of Motion for Awards of Attorney Fees, ECF 83 | $6,800.00 |
| Preparation of Reply in Support of Motion for Award of Attorney Fees, ECF 97 | $5,000.00 |
| Preparation for and attendance at August 1 hearing regarding Motion for Award of Attorney Fees (includes one-half of hearing attendance time; no travel time) | $1,840.00 |
| Preparation of Renewed Motion for Award of Attorney Fees | $1,240.00 |
| **TOTAL** | **$50,045.00** |

RTW also prays for an ~~in the preparation of its Special Motion to Strike SLAPP Claims (ECF 54), as well as this Motion for Award of Attorney's Fees, because Jiang abandoned the SLAPP Claims by way of amendment through her Second Amended Counterclaims, and RTW has thus achieved its litigation objective with respect the SLAPP Claims. RTW also requests an award of the attorney's fees and costs incurred in connection with: (1) the preparation of the reply in support of its Special Motion to Strike SLAPP Claims, which was ultimately not filed in light of the Court's February 15, 2025 Minute Order (ECF 66); (2) the preparation of its Special Motion to Strike SLAPP Claims contained in the First Amended Counterclaims, which was also was ultimately not filed due to the stipulation entered into between the parties regarding Jiang's Second Amended Counterclaim (ECF 77, 79); and (3) the preparation of this motion, as well as an~~ award of any attorney fees and costs incurred in connection with a future reply in support of this motion, and preparation for and participation in any oral argument. RTW

17

RTW'S NOTICE AND RENEWED MOTION FOR
AWARD OF ATTORNEY'S FEES

Formatted: Space After: 6 pt
Formatted Table
Formatted: Line spacing: single
Formatted: Line spacing: single
Formatted: Line spacing: single
Formatted: Line spacing: single
Formatted: Line spacing: single
Formatted: Line spacing: single
Formatted: Line spacing: single
Formatted: Font: Bold
Formatted: Font: Bold
Formatted: Line spacing: single
Formatted: Indent: First line: 0"

will, if granted leave by the Court, submit a supplemental declaration setting forth the calculation of those future attorney's fees.

In the alternative, if the Court finds that it must first consider the merits of the Special Motion to Strike SLAPP Claims (ECF 54), the Court should declare the motion renewed, set a date by which RTW

//

//

//

//

//

//

must file any reply in support, and consider the merits of the motion as a predicate for the award of attorneys' fees and costs to RTW.

//

//

//

//

//

//

//

DATED: August 19~~March 12~~, 2024                 Respectfully submitted,


                                                   DOTSON LAW


                                                   By: */s/ Daniel T. Hayward*
                                                        Daniel T. Hayward

18

**Formatted:** Indent: Left: 0", Line spacing: Double, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Indent: Left: 0"

ROBERT A. DOTSON (NV Bar No. 5285)
*Admitted pro hac vice*
DANIEL T. HAYWARD (NV Bar No. 5986)
*Admitted pro hac vice*

GCA LAW PARTNERS LLP

JAMES L. JACOBS
VALERIE M. WAGNER


Attorneys for Plaintiff / Counterclaim-Defendant
RUN THE WORLD, INC.

**Formatted:** Normal, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers

**Formatted:** Normal, Indent: Left: 3.5", Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers

19