LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (Bar No. 266966)
eburbidge@lewisllewellyn.com
Kenneth M. Walczak (Bar No. 247389)
kwalczak@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

Attorneys for Counterclaim-Defendant
XIAOYIN QU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUN THE WORLD, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>XUAN JIANG,<br><br>          Defendant. | Case No. 3:23-cv-03130-AMO<br><br>**FORMER COUNTERCLAIM DEFENDANT XIAOYIN QU'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO CAL. CODE CIV. PROC. § 425.16(C) AND THE COURT'S ORDER (DOCKET NO. 114)** |
| XUAN JIANG, individually and derivatively on behalf of the shareholders of RUN THE WORLD INC.,<br><br>          Counterclaimant,<br><br>    v.<br><br>XIAOYIN QU; CONNIE CHAN; AH CAPITAL MANAGEMENT, LLC dba ANDREESSEN HOROWITZ aka A16Z; RUN THE WORLD INC.; 5TOUCH SOLUTIONS, INC. dba EVENTMOBI (as successor-in-interest to RUN THE WORLD INC.),<br><br>          Counterclaim Defendants. | Date:        January 16, 2025<br>Time:       2:00 p.m.<br>Judge:     Hon. Araceli Martínez-Olguín<br>Courtroom:  10 (19th Floor)<br><br>Complaint filed:   June 23, 2023<br>Trial Date:       Not Set |

XIAOYIN QU MOT. FOR ANTI-SLAPP ATTORNEY'S FEES
CASE NO. 3:23-CV-03130-AMO

LEWIS +
LLEWELLYN
LLP

## <u>NOTICE OF MOTION</u>

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on January 16, 2025, or as soon thereafter as the matter may be heard, former Counterclaim Defendant Xiaoyin Qu will and hereby does move for an award of reasonable attorney's fees pursuant to Cal. Code Civ. Proc. § 425.16(c). This motion is set to be heard on January 16, 2025, at 2:00 p.m., before the Honorable Araceli Martínez-Olguín, Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.

Under California law, Ms. Qu is entitled to an award of attorney's fees for her counsel's successful work to eliminate the SLAPP claims filed by Counterclaimant Xuan Jiang. Ms. Qu filed this motion pursuant to the Court's directive to meet and confer before re-submitting her fees incurred, in the August 1, 2024 hearing granting her Motion to Dismiss Counterclaims. *See* Docket No. 114, filed 8/2/24, n.1.

This Motion is based on: (1) this Notice of Motion and Motion, Memorandum of Points and Authorities, and supporting Burbidge declaration; (2) the pleadings, records, and other papers on file in this action; (3) the arguments of counsel, if any, at the January 16, 2025 hearing; and (4) any matters of which the Court may take judicial notice or otherwise properly consider.

Dated: August 20, 2024          Respectfully Submitted,

LEWIS & LLEWELLYN LLP


By: */s/ Evangeline A.Z. Burbidge*
       Evangeline A.Z. Burbidge
       Kenneth M. Walczak
       Attorneys for former Counterclaim Defendant
       XIAOYIN QU

LEWIS +
LLEWELLYN
LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

California law grants former Counterclaimant Xiaoyin Qu ("Qu") the right to recover her reasonable attorney's fees for prevailing on Counterclaimant Xuan Jiang's ("Jiang") improper SLAPP claims.

The law on this issue is already before the Court. Plaintiff and Counterclaim Defendant Run the World, Inc. ("RTW") thoroughly recited the applicable principles, and cited caselaw, in its Motion for Attorney Fees filed on March 12, 2024 (Docket No. 83). Ms. Qu duly joined that motion and submitted a preliminary set of her own fee records, subject to amendment at the conclusion of this process. Joinder, filed 3/12/204 (Docket No. 86). On March 26, 2024, Jiang opposed both Counterclaimant's arguments (Docket No. 91). Both counterclaimants replied on April 2, 2024 (Docket Nos. 97, 100).

Ms. Qu fully incorporates the arguments contained in the prior filings by herself and RTW. She submits this new motion for two purposes: (1) to attest that the parties have now met and conferred, as the Court ordered from the bench on August 1, 2024; and (2) to submit a full record of her reasonable attorney's fees incurred on the anti-SLAPP issues, to and through the August 1 hearing.

## ARGUMENT

### I. THE PARTIES HAVE MET AND CONFERRED.

At the August 1, 2024 hearing, the Court ordered the parties to meet and confer, and ordered the prevailing Counterclaimants to resubmit their motions for attorney's fees. *See* Docket No. 114, n.1.

The parties met and conferred by telephone on August 13, 2024. Declaration of Evangeline A.Z. Burbidge, filed herewith ("Burbidge Decl."), ¶ 3. During the call, counsel for Ms. Qu conveyed our intent to file this motion, along with a declaration sponsoring the full amount of our attorney's fees. *Id*. ¶ 4.

//

//

LEWIS +
LLEWELLYN
LLP

## II. MS. QU SEEKS A TOTAL OF $28,204.25 IN REASONABLE ATTORNEY'S FEES.

As detailed in Exhibit 1 to the Burbidge Declaration, Ms. Qu seeks a total of $28,204.25 for her counsel's work to secure the dismissal of Jiang's improper SLAPP claims and, after Jiang refused to stipulate, to secure her fees.

Those fees are reasonable. Counsel for Ms. Qu made every effort to economize during this process, including joining the pleadings of RTW where possible, instead of submitting separate briefs containing potentially duplicative arguments. Counsel also wrote off staff time, declined to seek travel time for the hearing, and reduced the overall amount sought, to account for any potential duplication or inefficiency. Burbidge Decl. ¶¶ 13-14 & Exhibit 1. Counsel also seeks no fees in connection with the preparation or filing of this Notice of Motion and Motion, the meet and confer, or indeed for any time expended after the August 1, 2024 hearing. *Id*. ¶ 14.

The total amount sought represents $14,680 incurred prior to filing the initial fee motion, and $13,524.25 in fees incurred on reply and for oral argument. Burbidge Decl. ¶ 19 & Exh. 1. The most recent fees also include a reduction of over $7,000 in what was charged to the client. *Id.* Jiang has already had the opportunity to oppose the $14,680 amount. *See* Opp., Docket No. 90. In that filing, she did not carry her "burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Cotton v. City of Eureka, Cal.*, 889 F.Supp.2d 1154, 1166 (N.D. Cal. 2012), *quoting Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). *See also id*. at 1167-1169 (enumerating types of evidence a challenging party might submit to carry its burden); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) (citation omitted).

Indeed, Jiang submitted no evidence whatsoever; only bare allegations that the prevailing parties' fees are somehow unreasonable. Specifically, Jiang did not identify any individual time entry for Qu's counsel that allegedly pertains to any matter other than the successful anti-SLAPP filings, or provide any basis for the Court to dispute or deny the declaration of counsel showing the reasonableness of the rates charged by each attorney, within the relevant market. She should not be provided a second bite at the proverbial apple.

LEWIS +
LLEWELLYN
LLP

## CONCLUSION

For the foregoing reasons, and as set forth in the parties' previous submissions concerning anti-SLAPP attorney's fees, Ms. Qu respectfully requests that the Court award her a total of **$28,204.25** in reasonable attorney's fees.

Dated:  August 20, 2024

Respectfully Submitted,

LEWIS & LLEWELLYN LLP

By: */s/ Evangeline A.Z. Burbidge*
Evangeline A.Z. Burbidge
Kenneth M. Walczak
Attorneys for former Counterclaim Defendant
XIAOYIN QU

LEWIS +
LLEWELLYN
LLP