| | |
|---|---|
| 1 | Robert A. Dotson (admitted pro hac vice) |
| 2 | Daniel T. Hayward (admitted pro hac vice)<br>DOTSON, HAYWARD & VANCE, PC |
| 3 | 5355 Reno Corporate Drive, Suite 100<br>Reno, NV 89511 |
| 4 | Telephone: (777) 501-9400 |

Robert A. Dotson (admitted pro hac vice)
Daniel T. Hayward (admitted pro hac vice)
DOTSON, HAYWARD & VANCE, PC
5355 Reno Corporate Drive, Suite 100
Reno, NV 89511
Telephone: (777) 501-9400

James L. Jacobs (CA Bar No. 158277)
Valerie M. Wagner (CA Bar No. 173146)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 400
Mountain View, CA 94040
Telephone: (650) 428-3900
*Attorneys for Plaintiff*
*Run the World Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUN THE WORLD INC.,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>XUAN JIANG,<br><br>　　　　　Defendant. | Civil Action No. 3:23-cv-3130-AMO |
| XUAN JIANG, individually and derivatively on behalf of the shareholders of RUN THE WORLD INC.,<br><br>　　　　　Counterclaimant,<br>　　v.<br><br>XIAOYIN QU; CONNIE CHAN; AH CAPITAL MANAGEMENT, LLC dba ANDREESSEN HOROWITZ aka A16Z; RUN THE WORLD INC.; 5TOUCH SOLUTIONS, INC. dba EVENTMOBI (as successor-in-interest to RUN THE WORLD INC.),<br><br>　　　　　Counterclaim-defendants. | |

### PLAINTIFF RUN THE WORLD INC.'S
### CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

Plaintiff RUN THE WORLD, INC. ("RTW"), by and through its attorneys Robert A. Dotson and Daniel T. Hayward of Dotson, Hayward & Vance, PC and James J. Jacobs and Valerie M. Wagner of GCA Law Partners LLP, states as follows for RTW's Case Management Statement pursuant to

Civil L.R. 16-9, and in furtherance of the status conference scheduled for November 18, 2025 at 10:00 a.m. via Zoom. RTW submits this Case Management Statement unilaterally pursuant to L.R. 16-9(a). *See* Decl. of Daniel T. Hayward In Support of Case Management Statement.

The parties to this action conducted a telephonic Early Case Conference on **April 22, 2024** pursuant to Fed. R. Civ. P. 26(f), shortly after which former Counterclaim-Defendants Xiaoyin Qu, AH Capital Management, LLC, and Connie Chan moved for, and were ultimately granted, a stay of discovery pending the Court's decision on their motions to dismiss Xuan Jiang's former counterclaims. *See* ECF 101, 102, 103 (motions to stay and order granting same); ECF 82, 85 (motions to dismiss). Those motions to dismiss, as well as a motion to dismiss filed by Counterclaim-Defendant RTW (ECF 80), were ultimately granted. ECF 114. Meanwhile, Plaintiff RTW and Defendant Xuan Jiang timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26(a) and engaged in written discovery.

Defendant Jiang then moved to dismiss Plaintiff RTW's Complaint, which motion was granted with leave to amend. ECF 120, 141. RTW filed its First Amended Complaint on June 9, 2025 which Defendant Jiang answered on August 4, 2025. ECF 149, 156. During the interim, the case was stayed between June 23 and July 14, 2025 (ECF 151, 152), and Defendant Jiang was granted an extension of time to response to RTW's First Amended Complaint. ECF 153, 154. Defendant Jiang filed her Answer to First Amended Complaint on August 4, 2025. ECF 156.

The pleadings are now complete, and RTW wishes to establish litigation deadlines with the Court's guidance as it prepares to complete discovery and move this case forward toward resolution.

RTW notes that its attorneys have been in communication with Defendant Xuan Jiang's attorneys in an effort to finalize and submit a joint Case Management Statement. RTW understands that Defendant's attorneys do not wish to jointly submit a Case Management Statement given that they have been unable to verify that the proposed litigation deadlines are acceptable to their client, and they have a pending Motion for Leave to Withdraw as Counsel of Record. ECF 157. See Decl.

of Daniel T. Hayward In Support of Case Management Statement. Accordingly, Plaintiff RTW submits this Case Management Statement unilaterally.

**1. Jurisdiction and Service:**

Plaintiff RTW contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on its claim brought pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq*. Plaintiff contends that this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over its state claw claims.

Plaintiff submits that there are no issues regarding personal jurisdiction or venue. All parties have been served with process.

**2. Facts: Plaintiff RTW's position:**

Plaintiff RTW is a company which provided an online platform for hosting virtual events such as professional conferences. RTW contends that Defendant Xuan Jiang resigned from her employment at RTW -- then tried to retract her resignation. RTW contends that when that did not succeed, Jiang sabotaged websites on which RTW's business depended and refused to preserve and return company property.

More specifically, RTW alleges that in or about July 2019 Qu and Jiang co-founded RTW, with Qu serving as the company's CEO and Jiang as Director of Engineering and Chief Technical Officer. Jiang and RTW entered into a Restricted Stock Purchase Agreement pursuant to which Jiang purchased founders' shares in RTW. Jiang, through the Purchase Agreement, transferred and assigned to RTW all right, title and interest she had in RTW's business plan, and any intellectual property related to RTW's business, and that Jiang reaffirmed these commitments in a subsequent Letter Agreement.

In or about September 2019 Jiang registered the domain "rtw.team" with the domain register GoDaddy. The rtw.team domain would be used in connection with RTW's customer-facing website, for addresses used by RTW's customer-facing products, and for addresses used by RTW internally

- 3 -

for developer and database tools. Jiang also registered the domain "rtw.today. (These domains are collectively referred to herein as "the Domains"). RTW alleges that all rights to the Domains were assigned to RTW by Jiang pursuant to the Purchase Agreement.

By at least in or around December 2022, Jiang began discussions with Qu about leaving RTW and potentially starting a new company. These discussions resumed in around late January 2023 and continued throughout February and March 2023.

On or about April 3, 2023 Jiang sent an email to an RTW investor, AH Capital Management, LLC, stating that she had made the decision to step down as the tech co-founder of RTW. On or about April 12, 2023 RTW accepted her resignation. Jiang then claimed that she was not resigning, and threatened to sue RTW for discrimination.

That same day, April 12, 2023, a device using a New York IP address attempted to log into RTW's intranet. On April 13, 2023 RTW experienced an outage of its customer-facing website, products, and internal coding and database tools. RTW personnel pinpointed the outage as being caused by an issue with the rtw.today domain.

On April 14, 2023 Qu, the then-CEO of RTW, used the RTW email account previously assigned to Jiang to access the GoDaddy account through which the RTW domains were purchased and managed. Qu renewed the domains, and RTW engineers reconfigured the DNS settings and fixed the issue. Later that day, RTW received an email from GoDaddy, at the email address formerly assigned by RTW to Jiang, stating that its account settings were updated. RTW alleges that no one from RTW had updated the account settings around that time, and that on that same date RTW began experiencing another outage of its customer-facing website, products, and internal coding and database tools.

Jiang was removed from the RTW board of directors on April 14, 2023. The company then received an email from the GoDaddy website hosting service, at the account previously assigned to Jiang, indicating that both RTW domains had been deleted or cancelled. No one at RTW had deleted

- 4 -

or cancelled the domains. RTW acquired another domain and re-mapped its products and internal tools to use the new domain. However, RTW's primary customer-facing website and customer services were down for more than a week.

RTW further contends that Jiang reset her company laptop before returning it, wiping it of all user information. RTW demanded that Jiang return other company property, including documents relating to RTW's Chinese trademarks, documents relating to RTW's Delaware corporate registration, and RTW credit cards and bank account information, and demanded that she return the Domains by giving RTW access to the GoDaddy account used to register the Domains. RTW contends, upon information and belief, that Jiang has retained, lost, or destroyed the Chinese trademark and Delaware corporate registration documents, that she failed to return the GoDaddy account information used to register the RTW Domains, and that she has failed to return the information deleted from her company laptop.

**3. Legal Issues: Plaintiff RTW's position:**

RTW believes that disputed legal issues in this matter which directly impact claims brought by or directed against RTW include, but are not necessarily limited to, the following:

- Whether Jiang's alleged conduct constituted a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.* and/or the Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code §§ 502 *et seq.*

- Whether Jiang's alleged conduct with regard to the return of RTW's proprietary information constitutes a breach of the Confidentiality Agreement entered into between RTW and Jiang, conversion, or trespass to chattels.

- Whether Jiang's alleged conduct with regard to the Domains constitutes a breach of fiduciary duty, conversion, or trespass to chattels.

4. **Motions:**

There are no pending motions before the Court. The Court has decided the following prior motions (not including motions to practice pro hac vice and administrative motions):

- Motion to Dismiss of [former Counterclaim-Defendants] AH Capital Management, LLC and Connie Chan, filed January 9, 2024. ECF 50. Terminated as moot on February 25, 2024. ECF 66.

- Joinder of [former] Counterclaim-Defendants AH Capital Management, LLC and Connie Chan in Counterclaim-Defendants RTW and Xiaoyin Qu's Special Motion to Strike SLAPP Suit, filed January 9, 2024. ECF 51. Terminated as moot on February 25, 2024. ECF 66.

- Run The World, Inc. and [former Counterclaim-Defendant] Xiaoyin Qu's Motion to Dismiss Counterclaims, filed January 9, 2024. ECF 52. Terminated as moot on February 25, 2024. ECF 66.

- RTW and [former Counterclaim-Defendant] Xiaoyin Qu's Special Motion to Strike SLAPP Claims, filed January 9, 2024. ECF 54. Terminated as moot on February 25, 2024. ECF 66.

- Counterclaim-Defendant RTW's Motion to Dismiss Second Amended Counterclaims, filed March 12, 2024. ECF 80. Granted on August 2, 2024. ECF 114.

- Motion to Dismiss of [former Counterclaim-Defendants] AH Capital Management, LLC and Connie Chan, filed on March 12, 2024. ECF 82. Granted on August 2, 2024. ECF 114.

- RTW's Motion for Award of Attorney Fees Pursuant to Cal. Code Civ. Proc. § 425.16(C), filed on March 12, 2024. ECF 83. Denied subject to resubmission on August 1, 2024. ECF 113.

- [Former] Counterclaim-Defendant Xiaoyin Qu's Motion to Dismiss Amended Counterclaims, filed March 12, 2024. ECF 85. Granted on August 2, 2024. ECF 114.

- [Former] Counterclaim-Defendant Xiaoyin Qu's Joinder to RTW's Motion for Award of Attorney Fees Pursuant to Cal. Code Civ. Proc. § 425.16(C), filed March 12, 2024. ECF 86. Denied subject to resubmission on August 1, 2024. ECF 113.

- [Former] Counterclaim-Defendant Xiaoyin Qu's Motion to Stay Discovery Pending Resolution of Motion to Dismiss, filed May 13, 2024. ECF 101. Granted on August 1, 2024. ECF 113.

- Motion to Stay Discovery Pending Resolution of Third-Party Defendants AH Capital Management, LLC and Connie Chan's Motion to Dismiss, filed May 20, 2024. ECF 102. (Corrected version filed May 21, 2024, ECF 103.) Granted on August 1, 2024. ECF 113.

- Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, filed on August 16, 2024. ECF 120. Granted with leave to amend on March 28, 2025. ECF 141.

- RTW's Renewed Motion for Award of Attorney Fees Pursuant to Cal. Code. Civ. Proc. § 425.16(C), filed August 19, 2024. ECF 122. Granted on March 28, 2025. ECF 139.

- Former Counterclaim-Defendant Xiaoyin Qu's Motion for Award of Attorney's Fees Pursuant to Cal. Code. Civ. Proc. § 425.16(C) and the Court's Order, filed August 20, 2024. ECF 124. Granted on March 28, 2025. ECF 139.

- Joint Stipulation for a Three-Week Stay to Allow Additional Time for Defendant Xuan Jiang to Retain New Counsel, filed June 23, 2025. ECF 151. Granted on June 23, 2025. ECF 152.

**5. Amendment of Pleadings:**

Jiang amended her Counterclaims with her First Amended Counterclaims as a matter of right on February 6, 2024, ECF 58. Jiang amended again with her Second Amended Counterclaims by stipulation on February 26, 2024, ECF 78. The Court dismissed Jiang's Counterclaims on August 2, 2024. ECF 114.

RTW amended its claims through its First Amended Complaint on June 9, 2025. ECF 149.

**6. Evidence Preservation:**

RTW certifies that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirms that it has met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

**7. Disclosures:**

The parties convened a telephonic Early Case Conference on **April 22, 2024** pursuant to Fed. R. Civ. P. 26(f).

Plaintiff RTW and Defendant Xuan Jiang have timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26(a) by serving their required disclosures within a reasonable time after the Fed. R. Civ. P. 26(f) conference: RTW served its initial disclosures on May 10, 2024, and served supplemental disclosures on May 30, 2024, June 21, 2024, July 18, 2024, and June 18, 2025. Jiang served her initial disclosures on May 6, 2024.

**8. Discovery:**

Defendant Xuan Jiang served the following discovery requests on April 30, 2024:

- Xuan Jiang's First Set of Requests for Production to [former Counterclaim-Defendant] Xiaoyin Qu;

- Xuan Jiang's First Set of Requests for Production to [former Counterclaim-Defendant] Connie Chan;
- Xuan Jiang's First Set of Requests for Production to RTW;
- Xuan Jiang's First Set of Requests for Production to [former Counterclaim-Defendant] AH Capital Management, LLC;
- Xuan Jiang's First Set of Interrogatories to [former Counterclaim-Defendant] Xiaoyin Qu;
- Xuan Jiang's First Set of Interrogatories to [former Counterclaim-Defendant] Connie Chan;
- Xuan Jiang's First Set of Interrogatories to RTW; and
- Xuan Jiang's First Set of Interrogatories to [former Counterclaim-Defendant] AH Capital Management, LLC.

Plaintiff RTW served responses and objections to Defendant Xuan Jiang's First Set of Interrogatories to RTW and First Set of Requests for Production to RTW on June 3, 2024. RTW served supplemental responses and objections to Defendant Xuan Jiang's requests for production on June 13, 2024. RTW served supplemental responses and objections to Defendant Xuan Jiang's interrogatories on July 19, 2024.

[Former] Counterclaim-Defendant Xiaoyin Qu filed a Motion to Stay Discovery Pending Resolution of Motion to Dismiss on May 13, 2024. ECF 101. On May 20, 2024, former Counterclaims-Defendants AH Capital Management, LLC and Connie Chan filed a Motion to Stay Discovery Pending Resolution of Third-Party Defendants AH Capital Management, LLC and Connie Chan's Motion to Dismiss. ECF 102. (A corrected version was filed May 21, 2024, ECF 103.) The motions for stay of discovery were both granted on August 1, 2024 as to Xiaoyin Qu, AH Capital Management, LLC, and Connie Chan. ECF 113. Those Counterclaim-Defendants were later dismissed by order of the Court dated August 2, 2024 (ECF 114), and thus did not serve responses to Xuan Jiang's discovery requests.

Plaintiff RTW served the following discovery requests on June 3, 2024:

- RTW's First Set of Interrogatories to Xuan Jiang; and
- RTW's First Set of Requests for Production of Documents to Xuan Jiang.

Defendant Xuan Jiang served responses and objections to Plaintiff RTW's discovery requests on July 3, 2024.

The parties agree that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and the parties agree that discovery be conducted on all subjects related to the claims asserted by RTW against Jiang and the defenses raised by Jiang to those claims. The parties further agree that discovery should not be conducted in liability and damages phases.

There are no pending discovery disputes.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Defendant Xuan Jiang filed Case No. CGC-24-618394 in the Superior Court of the State of California for the County of San Francisco on September 24, 2024. The Complaint sets forth state law claims by Ms. Jiang, both individually and derivatively, against Defendant Xiaoyin Q, Connie Chan, AH Capital Management, LLC, and RTW.

**11. Relief:**

Plaintiff RTW has prayed for the following relief against Defendant:

1. Temporary, preliminary, and permanent injunctive relief against Defendant, and any persons in active concert or participation with her, enjoining Defendant from: (i) intentionally disrupting or preventing RTW and authorized users of RTW's website and products from accessing

RTW's website, products, and internal tools; (ii) intentionally and without permission, impairing the integrity, availability, and condition of RTW's computers and web-based services, in violation of California's common law prohibiting trespass to chattel;

2. requiring Defendant to return to RTW: (i) control of the RTW domains; (ii) all other RTW property or information in her possession, custody, and control, including, but not limited to, any (1) documents regarding Plaintiff's Trademark Registration, including "The People's Republic of China Certificate of Trademark Registration, Class 9: Face recognition apparatus," "The People's Republic of China Certificate of Trademark Registration, Class 36: Processing of credit card payments; electronic funds transfer; organization of monetary collections; e-wallet payment services; bill payment services provided through a website; crowdfunding; art appraisal," "The People's Republic of China Certificate of Trademark Registration, Class 42: Technological research; research and development of new products for others," "The People's Republic of China Certificate of Trademark Registration, Class 45: Computer Software licensing; licensing of intellectual property;" (2) documents regarding Plaintiff's company registration; and (3) documents related to Plaintiff's corporate finance, including but not limited to, all current and expired company credit cards and company check books;

3. compensatory damages in an amount to be determined at trial;

4. exemplary damages in an amount to be determined at trial;

5. interest at the maximum legal rate on all sums awarded;

6. reasonable attorneys' fees as permitted by law and costs of suit; and

7. such other and further relief as the Court deems just and proper.

The amount of damages sought by RTW is yet to be determined.

**12. Settlement and ADR:**

Defendant Xuan Jiang filed an ADR Certification by Parties and Counsel on September 26, 2023. ECF 31. Plaintiff RTW filed an ADR Certification by Parties and Counsel on October 2, 2023. ECF 34.

The parties engaged in a private mediation on April 30, 2025. The mediation was not successful.

With regard to future ADR proceedings, RTW is willing to meet and confer with Defendant Xuan Jiang in order to schedule a mediation or settlement conference after engaging in discovery and prior to trial.

**13. Other References:**

RTW does not believe that this matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues:**

RTW does not believe, at this time, that the issues can be narrowed by agreement.

RTW has no suggestions, at this time, to expedite the presentation of evidence at trial, but will work with Defendant in good faith to stipulate to undisputed facts and exhibits.

RTW believes that the following issues are the most consequential to the case: Whether the Domains were the personal property of RTW or Jiang.

**15. Scheduling:**

RTW tentatively proposes the following discovery plan pursuant to Fed. R. Civ. P. 26(f) and paragraph 15 of the Standing Order for All Judges of the Northern District of California. <u>However, RTW has been unable to confirm that these dates are agreeable to Defendant Jiang, and is open to discussing the same during the scheduled November 18, 2025 status conference or during a yet-to-be-scheduled case management conference.</u>

    **a. Discovery Cut-Off Date:**

All discovery must be completed no later than **January 30, 2026.**

    **b. Amending the Pleadings and Adding Parties:**

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and, therefore, not later than **Friday, October 31, 2025.**

    **c. Fed. R. Civ. P. 26(a)(2) Disclosure (Experts):**

In accordance with Fed. R. Civ. P. 26(a)(2), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than **Monday, December 1, 2025,** and Disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than **Wednesday, December 31, 2025.**

    **d. Dispositive Motions and Potential Daubert Motions:**

Pursuant to sections D.1, E, and G of the Standing Order for Civil Cases Before District Judge Araceli Martinez-Olguin:

    1. Defendant shall file any motion for summary judgment or other dispositive motion not more than thirty (30) days after the discovery cut-off date and, therefore, not later than **Monday, March 2, 2026.** The parties do not anticipate a cross-motion for summary judgment by Plaintiff.

    2. Plaintiff's opposition to any motion for summary judgment or other dispositive motion filed by Defendant, and any Daubert motion to be filed by Plaintiff, shall be filed not later than **Monday, March 16, 2026.**

    3. Defendant's reply in support of any motion for summary judgment or other dispositive motion, Defendant's opposition to any Daubert motion filed by Plaintiff, and any Daubert motion to be filed by Defendant, shall be filed not later than **Monday, March 30, 2026.**

4. Plaintiff's reply in support of any Daubert motion filed by Plaintiff, and Plaintiff's opposition to any Daubert motion filed by Defendant, shall be filed not later than **Monday, April 13, 2026**.

5. Defendant's reply in support of any Daubert motion filed by Defendant shall be filed not later than **Monday, April 20, 2026**.

e. **Pretrial Order:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than **Wednesday, April 1, 2026**. In the event a dispositive motion is filed, the date for the filing of the pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Stipulated Discovery Plan and Scheduling Order, the date for filing of the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

f. **Fed. R. Civ. P. 26(a)(3) Disclosures:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the parties shall file the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto in the Joint Pretrial Order, not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than **Wednesday, April 1, 2026**.

**16. Trial:**

A jury trial has been demanded by Plaintiff RTW and by Defendant Xuan Jiang. ECF 1, 4, 16. The parties estimate that the trial will require approximately four (4) full court days.

**17. Disclosure of Non-party Interested Entities or Persons:**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The parties hereby identify any persons, firms, partnerships, corporations (including

- 14 -

parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

    a. Run The World, Inc.:

RTW has no parent company, and no publicly-traded corporation holds more than 10% of its stock.

Aside from RTW's shareholders, no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceedings, or (ii) have a non-financial interest in the subject matter in controversy or in a party that could be substantially affected by the outcome of this proceeding. Only Andreesen Horowitz Fund VI, L.P., Xiaoyin Qu, and Xuan Jiang hold more than 10% of the shares of RTW. ECF 3.

    b. Xuan Jiang:

Please see ECF 17, filed by Jiang.

**18. Professional Conduct:**

All attorneys of record for RTW have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

None at this time.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: October 24th, 2025 | DOTSON, HAYWARD & VANCE, PC |
|   | _[signature]_ |
|   | Robert A. Dotson |
|   | Daniel T. Hayward |
|   |   |
|   | GCA LAW PARTNERS LLP |
|   | James L. Jacobs |
|   | Valerie M. Wagner |
|   |   |
|   | *Attorneys for Plaintiff Run The World Inc.* |

**IT IS SO ORDERED.**

Dated: _____, 2025

By: _____
Honorable Araceli Martinez-Olguin
United States District Judge